## E. J. Bomer *v.* J. S. Meeks.

[64 South. 833.]

1. SEQUESTRATION. *Liability on bond. Code* 1906, *sections* 565 *and* 4223.
Where a bill in chancery was filed seeking to recover the possession of certain property and the rental value of the same, and a writ of sequestration was prayed for and obtained and the sheriff sequestered the property and defendant gave bond under section 565, Code 1906, with sureties for the forthcoming of the property and final decree was entered against the principal for the rental value of the property under the contract and for the value of the property and against the principal and the sureties on the forthcoming bond for the value of the property and damages for the detention of the property, that part of the decree awarding damages for the detention of the property against the sureties on the forthcoming bond was erroneous.

2. SAME.
Although the bond given in such case was substantially in the form of the bond provided for under Code 1906, section 4223, in suits of replevin and under this section, the proper judgment for the plaintiff would be for the value of the property and damages for the wrongful detention thereof, yet where the suit is a bill for sequestration and not a replevin suit, section 565, Code 1906 and not section 4223 applies.

3. SEQUESTRATION. *Bond. Statute. Code* 1906, *section* 565.
Under Code 1906, section 565, providing for the giving of a bond for sequestered property, where the value of the property seized is greatly in excess of the debt sought to be recovered, it is only necessary for the defendant to enter into a bond for double the amount of the debt claimed. Where the debt is equal to or in excess of the value of the property seized, the penalty of the bond must be double the value of the property seized, so that in case the property be not forthcoming, the amount of the decree and all probable cost can be recovered from the obligors.

APPEAL from the chancery court of Warren county.
HON. E. N. THOMAS, Chancellor.

Suit by J. S. Meek against S. E. Wall. From a judgment for plaintiff against the defendant and E. J. Bomer

and another, sureties on his forthcoming bond, the sureties appeal.

The facts are fully stated in the opinion of the court.

*Whitfield & Whitfield,* attorneys for appellants.

*Hudson & McKay,* attorneys for appellee.

COOK, J., delivered the opinion of the court.

This action was begun in the chancery court of Warren county by appellee against S. E. Wall. The bill of complaint charges that complainant rented to S. E. Wall certain oxen and wagons for a term of eight months for the sum of four hundred and fifty dollars, payable in equal monthly installments; that Wall had not paid any of the installments, although all of same were long since due; that Wall had taken the property from Louisiana, where both resided, to Vicksburg, Mississippi, and was there attempting to dispose of same. The bill seeks to recover possession of the property and the rental value of same. To this end a writ of sequestration was prayed for and granted by the chancellor, and the sheriff sequestered the property.

Wall gave a forthcoming bond, with appellant and one Fitzgerald as sureties, under section 565, Code of 1906, and the property was delivered to him by the sheriff. The final decree was against Wall for the rental value of the property under the contract, and for the value of the property, and against Wall and the sureties on the forthcoming bond for the value of the property, eight hundred and sixty dollars, and for eight hundred dollars damages for the detention of the property. That part of the decree awarding damages for the detention of the property against the sureties on the forthcoming bond is the matter in issue here.

Appellee contends that the forthcoming bond is in form a bond by a defendant in replevin, under section

4223, Code 1906, and that the proper judgment for the plaintiff should be for the value of the property and damages for the wrongful detention thereof. Section 4233, Code 1906, provides for the judgment for plaintiff in a replevin suit where the defendant has executed a bond in the form prescribed by section 4223. It is true that the bond in this case is substantially in the form of a defendant's bond in an action of replevin, but this is not an action of replevin. The scope of the decree in this case is controlled by section 565 of the Code, and not by section 4233.

The fight is over the decree against the sureties for damages for wrongful detention of the property delivered to their principal when the forthcoming bond was approved by the sheriff, and if this part of the decree is not authorized by section 565, Code 1906, appellant is entitled to a reversal. The statute controls, and the decisions of the courts of sister states upon their own statutes, or upon the practice in their several jurisdictions, are not controlling in the solution of the problem presented by this appeal. Unlike section 4233, section 565 does not limit the decree to be rendered by the chancery court, nor does this section provide for a decree against the sureties for damages for wrongful detention of the property sequestered.

In this case the property seized was delivered to the defendant after he had entered into a bond in double the value of the property, "conditioned to have the property forthcoming to abide the decree to be made by the court in the cause." The bond "was filed in the cause," and thereby had "the force and effect of a judgment." The property was not "forthcoming to abide the decree," and by the terms of the statute "execution may issue thereon against all the obligors for . . . the value of the proprety." The statute is mandatory that a "bond in double the value of the property shall always be required, except when its value shall greatly exceed

the debt and all probable costs.'' The statute is awk-
wardly phrased, and is somewhat difficult to interpret;
but, taking it as a whole, we think it means this: Where
the value of the property seized is greatly in excess of
the debt sought to be recovered, it is only necessary for
the defendant to enter into a bond for double the amount
of the debt claimed. Where the debt is equal to or in
excess of the value of the property seized, the penalty
of the bond must be double the value of the property
seized, so that, in case the property be not forthcoming,
the amount of the decree and all probable costs can be
recovered from the obligors.

Section 565 does not mention damages for the deten-
tion of the property in connection with the amount of the
bond, but does provide for ''all probable costs.'' Dam-
ages for detention does not seem to have been thought
of by the legislature when this section of the Code was
under consideration, and, there being no provision for a
judgment for such damages against the obligors on the
forthcoming bond, the court was without power to read
into the section the provisions of section 4233.

The cause is reversed, and judgment will be entered
here for the value of the property seized, to wit, eight
hundred and sixty dollars, as of the date of the decree en-
tered by the lower court.

*Reversed.*